IN THE FEDERAL DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MELINDA HELTON | : | CASE NO. |
| 505 Virginia Ave. | : | |
| Troy, Ohio 45373 | : | JUDGE |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| VS. | : | |
| | : | |
| WARREN COUNTY MONTGOMERY | : | |
| COUNTY COMMUNITY COLLEGE | : | |
| DISTRICT, DBA | : | |
| SINCLAIR COMMUNITY COLLEGE | : | |
| By and Through its President | : | |
| Steven L. Johnson | : | |
| 444 W. Third St. | : | |
| Dayton, Ohio 45402 | : | |
| | : | |
| AND | : | |
| | : | COMPLAINT FOR VIOLATION OF |
| STEVEN L. JOHNSON, President | : | CONSTITUTIONAL RIGHTS, JURY |
| Sinclair Community College | : | DEMAND ENDORSED HEREON |
| In his Official and Individual Capacities | : | |
| 444 W. Third St. | : | |
| Dayton, Ohio 45402 | : | |
| | : | |
| AND | : | |
| | : | |
| NATHANIEL NEWMAN | : | |
| Director of Human Resources | : | |
| In his Official and Individual Capacities | : | |
| Sinclair Community College | : | |
| Building 7, Room 340 | : | |
| 444 W. Third St. | : | |
| Dayton, Ohio 45402 | : | |
| | : | |
| DEFENDANTS. | : | |

This is an action for damages and injunctive relief to redress the injuries Defendants have

caused Plaintiff because Plaintiff spoke out about a matter of public concern. Defendants'

1

actions violated the First and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983. Now comes Plaintiff Melinda Helton, by and through the undersigned counsel, and alleges the following for her Complaint:

## PARTIES

1. Plaintiff Melinda Helton is an individual citizen of the United States and the State of Ohio. Plaintiff is a resident of Miami County, Ohio. Plaintiff is employed by Defendants as an administrative assistant in Sinclair Community College's Work-Based Learning Department.

2. Defendant the Warren County Montgomery County Community College District (hereinafter referred to as "College"), is a political subdivision of the State of Ohio created by Ohio Revised Code Section 3354.25. Sinclair Community College is a community college located in Dayton, Ohio, which is owned and operated by Defendant.

3. Defendant Steven Johnson (hereinafter referred to as "Johnson") is the President of Sinclair Community College, and was one of the primary decision makers regarding the unlawful actions taken against Plaintiff as a consequence of exercising her right to free speech. Johnson is hereby being sued personally and in his capacity as President of Sinclair Community College.

4. Defendant Nathaniel Newman (hereinafter referred to as "Newman") is the Director of Human Resources for Sinclair Community College, and was one of the primary decision makers regarding the unlawful actions taken against Plaintiff as a consequence of exercising her right to free speech. Newman is hereby being sued personally and in his capacity as Human Resources Director of Sinclair Community College.

5. Plaintiff's claims arose and all relevant events occurred within Montgomery County, Ohio and Miami County, Ohio.

## FACTS

6. Plaintiff Melinda Helton began working for the College on December 19, 2016. Plaintiff was, and is, employed as an administrative assistant in the College's Work-Based Learning Department.

7. On or about June 10, 2020, Plaintiff reposted a comment on her personal Facebook account.

8. The post regarded matters of social and political concern, including racial equality, defunding police departments, recent protests and the issue of #blacklivesmatter versus #alllivesmatter. The post supports Plaintiff's politically and socially conservative views on these issues. The post did not make any racially discriminatory or derogatory comments. The post does not identify Plaintiff as speaking on behalf of the College, nor does it address or mention any issues pertaining to Plaintiff's employment with the College.

9. Some members of the community and college considered Plaintiff's post to be inflammatory, resulting in complaints being made to the College via social media.

10. On June 11, 2020, Plaintiff received an email from Defendant Johnson criticizing the content of her Facebook post. In his message to Plaintiff, Defendant Johnson made the following statements: "I found the very broad portfolio of ideas that you promoted via publication on global social media extremely concerning;" "you have indeed embarrassed the college;" and "I truly resent the fact that, with all going on in our world, our team and I have had to spend scarce resources on matters triggered by your social media post."

11. On June 12, 2020, Plaintiff received a letter from Defendant Newman informing her that she was being placed on paid administrative leave while the College performed an investigation because her social media post raised concerns about whether Plaintiff "may have engaged in any discriminatory conduct" in her position as an administrative assistant.

12. The investigation was unwarranted as Plaintiff's social media post was unrelated to her employment with the College.

13. The College, Johnson and Newman conducted an extensive investigation to determine whether Plaintiff engaged in any racially offensive conduct or other misconduct during her employment with the College.

14. Plaintiff remained on administrative leave through August 2020.  During that time she was prohibited from being in any building owned or used by the College, was denied access to the College's computer network, files and emails, was required to return all of the College's property and prohibited from having any contact with the College's faculty, staff or students.

15. The investigation was eventually closed, without the College finding any basis to discipline Plaintiff.

16. Despite this lack of any basis for discipline, Plaintiff was required by College to undergo diversity training.

17. Defendant Johnson and others made several derogatory comments about Plaintiff's Facebook post on the College's social media platforms.

18. Defendants have retaliated against Plaintiff by not reinstating her work hours following changes in her hours due to COVID-19 related budget cuts in 2020.  Additionally,

Plaintiff's job duties were reduced and her work has been subjected to unwarranted criticism.

# FIRST CAUSE OF ACTION

## Violation of 42 U.S.C. § 1983

19. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

20. Plaintiff exercised her right to free speech by reposting a comment to her personal Facebook account.

21. The post regarded matters of social and political concern, including racial equality, defunding police departments, recent protests and the issue of #blacklivesmatter versus #alllivesmatter. While the post supports Plaintiff's politically and socially conservative views on these issues, it did not make any racially discriminatory or derogatory comments. The post does not identify Plaintiff as speaking on behalf of the College, nor does it address or mention any issues pertaining to Plaintiff's employment with the College.

22. As a direct result of this post, Plaintiff was subject to multiple forms of adverse employment actions, including being put on administrative leave, being the subject of an investigation, and being instructed to undergo diversity training. Plaintiff was also subjected to personal comments by Defendant Johnson and others on social media sites. In particular, the comments of Defendant Johnson in his personal email to Plaintiff appeared to threaten Plaintiff's employment. Defendants have retaliated against Plaintiff by not reinstating her work hours following changes in her hours due to COVID-19

related budget cuts in 2020. Additionally, Plaintiff's job duties were reduced and her work has been subjected to unwarranted criticism.

23. Taken together, these adverse actions and personal attacks had a chilling effect on Plaintiff's expression and would discourage a reasonable employee of the College from publicly expressing similar viewpoints.

24. As a result of this chilling effect, Plaintiff has been injured in that she cannot express herself freely, as is her right under the First Amendment to the United States Constitution, without the fear of suffering more adverse actions, up to and including losing her job.

25. In acting as discussed above, Defendants were—as employees and representatives of a political subdivision of the State of Ohio—acting under color of law.

26. Defendants' actions, as discussed above, interfered with Plaintiff's right to freedom of speech, which is guaranteed by the First Amendment to the United States Constitution.

27. Defendants, acting individually and in concert and under the color of State law, intentionally, deliberately, and knowingly punished Plaintiff for the exercise of rights protected by the First and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983. Defendants' actions were arbitrary, capricious, and discriminatory entitling Plaintiff to compensation for embarrassment and mental suffering.

28. Plaintiff is entitled to actual, dignitary, and punitive damages, as well as to an award of her costs and attorney's fees, as a result of Defendants' unconstitutional actions.

## **DEMAND FOR RELIEF**

Wherefore, Plaintiff demands judgment as follows:

A. An award of actual, dignitary, punitive, and other damages in excess of $75,000.00;

B. An award of her costs and attorney's fees incurred in the prosecution of this matter;

C. Equitable relief; and

D. Any and all other relief that this Court may determine to be appropriate.

Respectfully submitted,

*/s/Jason P. Matthews*
Jason P. Matthews-#0073144
Matthew C. Schultz #0080142
Jason P. Matthews, LLC
130 West Second Street
Suite 924
Dayton, OH  45402
P. (937) 608-4368 F. 1-888-577-3589
jason@daytonemploymentlawyers.com
matt@daytonemploymentlawyers.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby respectfully demands a trial by jury on all her claims.

*/s/ Jason P. Matthews*
Jason P. Matthews